NOTE.

AT the same time with the preceding case was argued and adjudged another appeal, from the same court, the case, namely, of the

CITY OF CHARLESTON *v.* BRANCH,

in which case Branch had filed a bill against the councils of the said city and against the same South Carolina Railroad Company, to prevent the former from collecting and the latter from

paying a tax, levied by the city on the station-house of the railroad, and the property appurtenant to it in the said city. The principles involved were the same as in the last case, and the court below granted the injunction, thus holding the property free from taxation. The city appealed.

After argument by the same counsel as in the former case, the opinion of the court was delivered by

Mr. Justice BRADLEY:

The principles laid down in the preceding case must be applied to this. All parts of the road and property formerly belonging to the South Carolina Canal and Railroad Company, and all appendages and appurtenances thereof, are liable to taxation; whilst all property acquired by the South Carolina Railroad Company directly under its own charter, and for purposes connected with its original road, is exempt from taxation. *Primâ facie* the railroad terminus and depot in Charleston, and the property accessory thereto, belong to the South Carolina Canal and Railroad Company portion of the joint property. But if it can be fairly shown that any of the company's property in Charleston, claimed to be taxable, was acquired by the South Carolina Railroad Company for the accommodation of the business belonging to its original roads, or for the joint accommodation of the entire system of roads under its control, such property will, *pro tanto,* and in fair proportion, be exempt from taxation.

DECREE REVERSED, and the record remitted to the Circuit Court with directions to proceed

IN CONFORMITY WITH THIS OPINION.